UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| SIMPLE PRODUCTS CORPORATION, Plaintiff, v. CHIA-LING HUANG, Defendant. | MEMORANDUM DECISION AND ORDER GRANTING MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT AND ADD A PARTY (DOC. NO. 41)<br><br>Case No. 2:19-cv-00317-DBB-DAO<br><br>Judge David Barlow<br><br>Magistrate Judge Daphne A. Oberg |

Before the court is Plaintiff Simple Products Corporation's ("Simple Products") Motion for Leave to File Its First Amended Complaint for Declaratory Judgment and Add a Party ("Mot," Doc. No. 41). Simple Products seeks to add Starforce Incorporated ("Starforce"), a Taiwanese corporation, as a defendant in this patent infringement action, alleging new information has come to light showing Starforce claims an ownership interest in the patent at issue. (*Id.* at 1.) Defendant Chia-Ling Huang opposes the motion. (Def. and Counterclaimant Chia-Ling Huang's Opp'n to Pl. and Counterclaim Def. Simple Products Corp.'s Mot. for Leave to File Its First Am. Compl. ("Opp'n"), Doc. No. 50.) The court held a hearing on the motion on April 26, 2021. (Doc. No. 60.) Having considered the parties' briefing and arguments at the hearing, the court GRANTS the motion for the reasons set forth below.

BACKGROUND

Simple Products is a corporation which develops, designs, and distributes various products, including flashlights. (Compl. ¶ 10, Doc. No. 2.) In 2018, Ms. Huang, a citizen of Taiwan, filed a patent infringement action in the Central District of California against Simple

1

Products and two of its customers and resellers, claiming they sold flashlights which infringed on a design patent owned solely by Ms. Huang. (*Huang v. Lowes Home Center, LLC*, No. 2:18-cv-10545-GW-JEM (C.D. Cal.) ("California Action") Compl., Doc. No. 1; California Action, Second Am. Compl., Doc. No. 18.) Ms. Huang's claims against Simple Products were dismissed for improper venue. (California Action, Order Granting Mot. to Dismiss Simple Products as a Def., Doc. No. 39.) Simple Products then filed this action in the District of Utah against Ms. Huang on May 9, 2019, seeking a declaratory judgment of non-infringement, invalidity, and unenforceability of the patent at issue. (Compl. ¶¶ 1, 44-60, Doc. No. 2.) Ms. Huang counterclaimed for patent infringement. (Countercls. ¶¶ 25-44, Doc. No. 36.) The claims against Simple Products' customers in the California action were stayed pending the outcome of this District of Utah case. (California Action, Order Granting Def.'s Mot. to Stay, Doc. No. 62.)

On November 8, 2019, Ms. Huang produced an agreement between Starforce and another Taiwanese entity entitled "Non-Disclosure and Invention Rights Agreement" as part of jurisdictional discovery. (*See* Mot. 2, Doc. No. 41; Opp'n 2, Doc. No. 50.) The agreement is primarily in Mandarin Chinese, except for the title and references to Starforce, which are in English. (Ex. C to Mot., Agreement (Mandarin), Doc. No. 43-2.) After the agreement was produced, Ms. Huang elected not to pursue her motion to dismiss for lack of personal jurisdiction and, instead, filed an answer. (*See* Order Granting Pl.' Mot. for Jurisdictional Disc., Doc. No. 29 (denying the motion to dismiss without prejudice and permitting Ms. Huang to refile it after jurisdictional discovery); Def. Chia-Ling Huang's Answer to the Compl., Doc. No. 35.)

The deadline to amend pleadings and add parties was July 10, 2020. (Scheduling Order, Doc. No. 40.) In January 2021, Simple Products paid to have all documents produced by Ms. Huang in this case translated, including the agreement. (Mot. 2, Doc. No. 41.) Simple Products

received the translated agreement on January 22, 2021.  (*Id.* at 2–3.)  On March 8, 2021, Simple Products filed the instant motion to amend the complaint to add Starforce as a defendant, arguing the translated agreement shows Starforce claims an ownership interest in the patent at issue.  (*Id.* at 1.)  At the time the motion was filed, fact discovery was set to close on April 23, 2021.  (Scheduling Order, Doc. No. 40.)  The fact discovery period has since been extended twice based on the stipulation of the parties and is currently set to close September 21, 2021.  (Am. Scheduling Order, Doc. No. 52; Second Am. Scheduling Order, Doc. No. 62.)

## LEGAL STANDARDS

Under the Federal Rules of Civil Procedure, after expiration of the time in which a pleading may be amended as a matter of course, a party may amend "only with the opposing party's written consent or the court's leave."  Fed. R. Civ. P. 15(a)(2).  Courts "should freely give leave when justice so requires."  *Id*.  A district court's decision to grant or deny leave to amend under Rule 15 falls within its discretion.  *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006).  Courts may deny leave to amend "only for reasons such as 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of [the] amendment.'"  *United States ex rel. Ritchie v. Lockheed Martin Corp.*, 558 F.3d 1161, 1166 (10th Cir. 2009) (alterations in original) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).  Prejudice to the opposing party is the "most important" factor in deciding whether to allow leave to amend.  *Minter*, 451 F.3d at 1207.

In addition to satisfying the Rule 15(a) standard, a party seeking leave to amend pleadings after the deadline in the scheduling order has passed must also demonstrate good cause to modify the scheduling order under Rule 16(b)(4) of the Federal Rules of Civil Procedure.

3

*Gorsuch, Ltd., B.C. v. Wells Fargo Nat'l Bank Ass'n*, 771 F.3d 1230, 1241 (10th Cir. 2014); *see also* Fed. R. Civ. P. 16(b)(4) (providing that a scheduling order "may be modified only for good cause and with the judge's consent").

Also relevant is Rule 21 of the Rules of Civil Procedure, which provides that "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21. In determining whether to add a party, it is:

> appropriate for the court to consider judicial economy and [its] ability to manage each particular case, as well as how the amendment would affect the use of judicial resources, the impact the amendment would have on the judicial system, and the impact [joinder] would have on each of the parties already named in the action.

*Privacy-Assured Inc. v. AccessData Corp.*, No. 2:14-cv-00722, 2017 U.S. Dist. LEXIS 107076, at *4 (D. Utah July 11, 2017) (unpublished) (alterations in original) (internal quotation marks omitted). "[C]ourts have declined to permit joinder where it will unfairly prejudice the opposing party or deny that party due process." *Id.* at *3.

## DISCUSSION

Simple Products' proposed amended complaint does not add any new claims, but merely adds Starforce as a defendant and adds allegations regarding Starforce's connection to the patent at issue. (*See* Proposed First Am. Compl. (Redlined), Doc. No. 53-6.) Simple Products argues good cause exists to allow amendment after the deadline because it only recently learned of Starforce's claimed ownership interest in the patent, based on its translation of the agreement in January 2021. (Mot. 1, 4, Doc. No. 41.) Simple Products explains it did not translate the document earlier because it was produced as part of jurisdictional discovery, and Ms. Huang elected not to pursue her motion to dismiss for lack of jurisdiction. (Reply 3, Doc. No. 53.) Simple Products also cites the COVID-19 pandemic as a cause of the delay. (*Id.* at 4–5.)

Ms. Huang argues the motion to amend should be denied as untimely because the agreement was produced in November 2019 and Simple Products offers an inadequate explanation for the delay in translating it. (Opp'n 2, 4–7, Doc. No. 50.) She also disputes Simple Products' interpretation of the agreement, arguing it does not confer ownership rights but only addresses the manufacture and sale of the products at issue. (*Id.* at 10.) As a result, she contends Starforce is not a necessary party. (*Id.*) She further argues the proposed amendment is futile because it fails to establish personal jurisdiction over Starforce. (*Id.* at 9–10.) Finally, she claims an amendment at this stage would unfairly prejudice her. (*Id.* at 7–8.)

The first issue which must be resolved is whether the language of the agreement provides a basis to add Starforce as a defendant. Ms. Huang does not dispute the agreement relates to the products and patent at issue in this case. However, contrary to Ms. Huang's argument, the agreement does not merely address manufacture and sale rights. Instead, it contains multiple provisions indicating Starforce claims patent ownership and enforcement rights to the products at issue. The agreement states Starforce "has created and/or legally possesses valuable and confidential proprietary information and technology related to . . . lighting devices (hereinafter collectively referred to as 'Invention')." (Ex. D to Mot., Agreement (English) 1, Doc. No. 43-3.) It provides that Starforce has

> exclusive ownership of all rights, names and interests in the invention, as well as the exclusive ownership of any improvement and amendments made by [Ninghai] to the invention in the past, at present[,] and in future. These exclusive rights include the ownership of patents, inventions, trade secrets, proprietary technologies, copyrights[,] and related trademarks.

*Id.* at 3. The agreement also entitles Starforce to assignment of any patent rights related to the "invention." *Id.* These provisions provide a sufficient basis for Simple Products to allege Starforce has ownership and enforcement rights in the patent at issue in this case.

It is not necessary to decide whether Starforce is an essential party for which joinder is required under Rule 19 of the Federal Rules of Civil Procedure, but merely whether the agreement provides a basis for Simple Products to add Starforce as a defendant. Rule 20 of the Federal Rules of Civil Procedure allows defendants to be joined in one action if "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). This standard is satisfied where Simple Products alleges both Ms. Huang and Starforce claim ownership interests and enforcement rights in the patent at issue, and Simple Products seeks a declaratory judgment of non-infringement, invalidity, and unenforceability of the patent. Accordingly, the agreement provides a basis for Simple Products to add Starforce as a defendant to its declaratory judgment claim.

The next factors which must be addressed are whether the amendment should be permitted under the governing standards in Rules 16, 15(a), and 21.

### A. Good Cause Under Rule 16

As an initial matter, good cause exists under Rule 16 for filing the motion to amend after the deadline set forth in the scheduling order.

To demonstrate good cause under Rule 16, a party must show the "scheduling deadlines cannot be met despite [the movant's] diligent efforts." *Gorsuch*, 771 F.3d at 1240 (alteration in original) (internal quotation marks omitted). A movant satisfies this good cause requirement if, for example, she "learns new information through discovery or if the underlying law has changed." *Id.* However, if a party "knew of the underlying conduct but simply failed to raise [her] claims" earlier, she cannot establish "good cause" under Rule 16. *Id.*

Here, Simple Products learned of Starforce's claimed ownership interests in the patent at issue when it translated the agreement in January 2021. Although Simple Products explains it did not initially translate this document because it was produced in connection with a jurisdictional motion Ms. Huang elected not to pursue, this does not entirely explain why Simple Products waited more than a year to translate it. Nor do general delays caused by the COVID-19 pandemic explain Simple Products' inaction during this entire period. Nevertheless, Simple Products translated the document well before the end of the fact discovery period, which was then set to close in April 2021 (and has since been extended through September 2021). There is no indication Simple Products knew of Starforce's claim of ownership before translating the agreement, and Simple Products was reasonably diligent in filing its motion approximately a month and a half after learning this new information. Under these circumstances, the translated agreement constitutes new information learned through discovery and provides good cause for amendment after the deadline.

### B. Leave to Amend Under Rule 15

Turning to Rule 15(a)(2), none of the factors justifying denial of leave to amend are present here.

*1. Undue Delay*

For the reasons discussed above, Simple Products did not unduly delay in moving to amend the complaint. The amendment is based on new information it learned during the fact discovery period, which remains ongoing, and Simple Products was reasonably diligent in filing the motion to amend after learning of the new information.

*2. Undue Prejudice*

In her opposition brief, Ms. Huang argues she will be prejudiced if leave to amend is granted and the fact discovery deadline is extended, because she "prepared her defense and counterclaims according to the current discovery deadline of April 23, 2021 and according to the current pleadings." (Opp'n 8, Doc. No. 50.) However, she does not explain why an extension of the discovery deadline would unduly prejudice her. This argument is also undercut by the fact that Ms. Huang has since stipulated to two further extensions of the fact discovery period, which is now set to close on September 21, 2021. (Second Am. Scheduling Order, Doc. No. 62.) She notes she has waited "over two years for her day in court" since filing the California action in December 2018. (Opp'n 8, Doc. No. 50.) But she does not allege Simple Products caused any previous delays or failed to diligently pursue its case to this point. Even if the addition of Starforce as a defendant delays resolution of the case, Ms. Huang has not shown she will be unduly prejudiced by the delay.

*3. Futility*

Ms. Huang argues the amendment would be futile because the proposed amended complaint fails to establish personal jurisdiction over Starforce. (Opp'n 9–10, Doc. No. 50.) She contends the court "must consider whether the proposed amendment is futile" and "must deny the proposed amendments if it fails to establish personal jurisdiction over the new party," citing *Avtech Capital, LLC v C & G Engines Corporation*, No. 2:19-cv-00541, 2020 U.S. Dist. LEXIS 212915 (D. Utah Nov. 13, 2020) (unpublished). (Opp'n 9, Doc. No. 50.)

In *Avtech Capital*, a district court granted a defendant's motion to dismiss for lack of personal jurisdiction and denied the plaintiff's motion to amend its claims against that defendant, concluding the proposed amendment failed to establish personal jurisdiction. 2020 U.S. Dist.

8

LEXIS 212915, at *11–15. But nothing in the decision *requires* a court to determine whether personal jurisdiction exists before allowing an amendment to add a new party, particularly where the new party has not appeared or asserted lack of personal jurisdiction. Ms. Huang has not cited any controlling authority imposing such a requirement at this stage. To the contrary, it is within the court's discretion to decline to engage in a futility analysis in the context of a motion to amend if the court determines the futility arguments would be more properly addressed in dispositive motions. *See Lambe v. Sundance Mt. Resort*, No. 2:17-cv-00011, 2018 U.S. Dist. LEXIS 162268, at *7–8 (D. Utah Sept. 21, 2018) (unpublished) (declining to engage in a futility analysis where "the viability of [the new] claim is more appropriately addressed in the context of a dispositive motion as opposed to a motion for amendment"); *Stender v. Cardwell*, No. 07-cv-02503, 2011 U.S. Dist. LEXIS 38502, at *10–11 (D. Colo. Apr. 1, 2011) (unpublished) (employing this approach).

The question of personal jurisdiction over Starforce would be more appropriately addressed in the context of a dispositive motion brought by Starforce, as it would allow full briefing on the issue by the parties concerned. Accordingly, the court declines to engage in a futility analysis on that basis here.

    4.    *Other Factors*

None of the other reasons for denying leave to amend apply here. Ms. Huang does not allege bad faith or dilatory motive by Simple Products in seeking leave to amend. And because this is Simple Products' first motion to amend, it has not failed to cure deficiencies in any prior amendments. Accordingly, leave to amend should be granted under Rule 15(a)(2).

### C. Leave to Add a Party Under Rule 21

The considerations for adding a new party under Rule 21 also support granting Simple Products' motion to amend. As noted, the proposed amendment does not add any new claims but merely adds a new defendant to Simple Products' existing claim, and Rule 21 permits a court to add a party "at any time." Fed. R. Civ. P. 21.

Adding Starforce as a defendant promotes judicial economy because it will allow the court to adjudicate the patent infringement claims among all parties who claim ownership interests and enforcement rights to the patent at issue. For the same reasons, the proposed amendment will not negatively impact judicial resources or the judicial system. As for the impact on the existing defendant, as explained above, Ms. Huang has not shown adding Starforce as a defendant would unfairly prejudice her. Nor has she argued the amendment would deny her due process. *See generally Privacy-Assured Inc.*, 2017 U.S. Dist. LEXIS 107076, at *4. For these reasons, leave to add a new party should be granted under Rule 21.

### CONCLUSION

The court GRANTS Simple Products' motion to amend (Doc. No. 41). Simple Products shall file the First Amended Complaint in the form found at Doc. No. 43-4 within seven days. Once filed on the docket, the First Amended Complaint will be the operative pleading in this case.

DATED this 1st day of June, 2021.

BY THE COURT:

*Daphne A. Oberg*
Daphne A. Oberg
United States Magistrate Judge